UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THOMAS W. RODGERS | ) | |
| | ) | CASE NO. 05-38698 |
| Debtor | ) | |
| | ) | |
| | ) | |
| VICKEY RODGERS FRANKS | ) | |
| | ) | AP NO. 06-3023 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS W. RODGERS | ) | |
| | ) | |
| Defendant(s) | ) | |
| | ) | |

## MEMORANDUM-OPINION

This matter came before the Court for trial on the Complaint of Plaintiff Vicki Rodgers Franks ("Franks") against Defendant/Debtor Thomas William Rodgers ("Debtor"). The Court considered the testimony of the witnesses, the evidence submitted at trial and the arguments of counsel. For the following reasons, the Court finds in favor of Franks. The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## FACTS

In 1972 Franks and Debtor were married. They were divorced by Final Decree in the Bullitt Circuit Court on Order entered August 30, 2000. The Decree of Divorce dated August 30, 2000 entered by the Bullitt Circuit Court incorporated by reference a Property Settlement Agreement

executed by the parties on April 21, 2000. The Domestic Relations Commissioner's Report dated July 2, 2002, awarded Franks $5,140.58 to equalize the division of the marital property, $11,462.28 as her share of the Debtor's pension that had been collected by Debtor during the pendency of the case and one-half interest in the Fleetwood Stoneridge 1998 Mobile Home valued at $36,300. A Qualified Domestic Relations Order dated July 27, 2004 entitled Franks to 50% of all pension payments received by Debtor from and after July 2, 2002. This Supplemental Judgment awarded Franks $26,388.03 as the value of pension benefits not paid by Debtor from the date of the Domestic Relations Commissioner's Hearing through July 1, 2005.

Prior to receiving the Qualified Domestic Relations Order, Debtor had received $26,000 in pension benefits. Debtor had paid Franks nothing on the pension.

Debtor's current monthly income is $1,300 in social security benefits and $666 in pension benefits from Phillip Morris. He is joint owner with Franks of the mobile home and he also owns a 1993 Chevrolet van. He is 65 years old, has heart problems and has been retired from Phillip Morris since 1999. He lives in the mobile home.

Franks is 54 years old and is employed as a housekeeper at Baptist Hospital. Her net monthly take home pay is $1,405. Her expenses are $410 for rent, $40 for utilities, $25 for a phone, $366 for a car, $40 for a cell phone, $110 in car and life insurance, $200 for food, $250 for a boat payment, $250 for transportation expenses and $80 for entertainment. She owns some miscellaneous furniture, one-half interest in a 2002 Chevy Trailblazer worth approximately $4,000, clothing and personal affects worth approximately $1,000. She owes approximately $1,400 in credit card debt. She has no dependents and has remarried.

Debtor's first wife, Diana Hughes, filed an action against Debtor which was removed to the United States District Court asserting a claim to one-half of Debtor's pension under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001. That suit is currently pending in District Court. Hughes currently resides with the Debtor.

Debtor has paid nothing to Franks on the amounts due her in the divorce action. Franks claims she is entitled to recover $16,602 from the original divorce Judgment plus 12% interest from September 12, 2002, $26,388.03 on the Judgment of October 24, 2005 plus interest at 12% and one-half of all pension benefits drawn by Debtor since July 1, 2005. Franks did receive four payments of $750 from the pension plan administrator between September 2, 2005 and November 2, 2005.

On October 12, 2005, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

On February 20, 2006, Franks filed this adversary proceeding seeking to have the debts owed her declared nondischargeable pursuant to 11 U.S.C. §523(a)(15).

## **LEGAL ANALYSIS**

Franks seeks to have the debts owed to her declared nondischargeable pursuant to 11 U.S.C. §523(a)(15). Although Franks contends that Debtor converted the pension funds awarded to her by the state court, no claim under 11 U.S.C. §523(a)(2) or (a)(6) were plead. The Court finds, however, the record is sufficient to support a judgment in Franks' favor declaring the debt nondischargeable pursuant to 11 U.S.C. §523(a)(15).

Under 11 U.S.C. §523(a)(15), Franks must prove initially that the debt is (1) not a debt nondischargeable under §523(a)(15); and (2) was incurred in the course of a divorce or separation. In re Smither, 194 B.R. 102, 107 (Bankr. W.D. Ky. 1996). Once this burden of proof is met, the

burden shifts to the Debtor to prove either an inability to pay or that a discharge of the debt would result in a benefit to the Debtor that outweighs the detrimental consequences of a discharge to the creditor's spouse. Id.

Although Franks claims in her pretrial brief that the pension award was in the nature of a spousal support, she did not assert a claim under 11 U.S.C. §523(a)(5). Furthermore, the evidence of record does not support a finding that the debt is a nondischargeable debt under Section 523(a)(5). The debt clearly results from a Property Settlement Agreement awarded by the state court in the divorce and incorporated into the Decree. It does not represent alimony, maintenance or support. Accordingly, Franks met her initial burden under 11 U.S.C. §523(a)(15).

The Court must next analyze Debtor's ability to pay the debt at issue. Under Smither, the Court is required to determine the amount of the obligation that Franks seeks the Court to hold nondischargeable and the repayment terms and conditions. Franks is owed $16,602 from the original divorce Judgment plus 12% interest from September 12, 2002. She was also awarded $26,388 from the Judgment entered October 24, 2005 plus interest at 12% and one-half of all pension benefits received by the Debtor since July 1, 2005.

Next, the Court must calculate the income of the Debtor and the value of any property retained after the bankruptcy. Smither, 194 B.R. at 108. Debtor's income consists of $1,300 in social security monthly benefits plus $666 in pension benefits from Phillip Morris. He is a joint owner with Franks of a mobile home valued by the Bullitt Circuit Court at $36,300 in which he resides with his first wife, Diana Hughes. He also owns a 1993 Chevrolet van.

The Court must then ascertain the amount of reasonable and necessary expenses that Debtor must incur for the support of himself and any dependents. Smither, 194 B.R. at 108. Debtor has no

dependents. Debtor currently receives $1,300 a month in social security benefits and $666 as his share of the Phillip Morris pension. He is the joint owner of the 1998 Fleetwood mobile home with Franks, which has a current value of at least $25,000. He also owns a 1993 Chevrolet van. He intermittently works as a truck driver making $10.00 per hour. Schedule I to his Petition shows monthly expenses totaling $1,966. These include $250 per month for his mortgage, $275 per month for utilities, $161 per month for cable, $53 for a cell phone and $100 per month for recreation and entertainment. This leaves Debtor with a surplus of $180 per month. This amount does not include the extra income he makes working as a truck driver. He has no liabilities other than the debt owed to Franks.

     Next, the Court is required to compare the Debtor's current assets and income with the reasonable and necessary expenses to see if the Debtor has the ability to fulfill his obligation to Franks. Smither, 194 B.R. at 108. Based upon the above analysis of Debtor's assets, income and expenses, the Court finds Debtor has the ability to pay the debt to Franks. Debtor has surplus income each month and also owns one-half interest in the mobile home. While Debtor is retired, he does have some limited prospect to augment his income in the future with periodic truck hauls. The Court finds he has the present ability to make payments on the debt owed to Franks.

     The Court finds by the preponderance of the evidence that discharge of the debt in issue would not result in a benefit to Debtor that outweighs the detrimental consequences to Franks. 11 U.S.C. §523(a)(15)(B); Smither, 194 B.R. at 110. The Court compared the standard of living of Franks and the Debtor and determines that it would be a greater hardship on Franks if the debt was discharged. Neither party lives an extravagant lifestyle, but Debtor has a higher monthly income than Franks and has sufficient surplus funds and assets to meet his obligation to Franks. Debtor's

retirement benefits do not require him to work and when he choose to do so, he earns extra income driving a truck. Franks, on the other hand, must maintain employment to support herself.

In making this determination, the Court considered the factors set forth in In re Smither, 194 B.R. at 111. One of those elements is the good faith of the parties. The record establishes that Debtor repeatedly ignored the state court orders regarding payment of one-half of the pension to Debtor. The Court also takes into consideration the fact that Debtor relied on the ERISA action filed by Debtor's first wife in federal court as a means of further delaying payment on the pension to Franks. These efforts were undertaken by Diana Hughes, who currently resides with the Debtor. In short, Debtor's actions in failing to pay the pension do not evidence good faith in the litigation of the 11 U.S.C. §523(a)(15) issues.

## **CONCLUSION**

For all of the above reasons, the Court finds in favor of the Plaintiff Vickey Rodgers Franks on the Complaint Objecting to Discharge against Defendant/Debtor Thomas William Rodgers. The debt owed by Debtor to Rodgers is declared nondischargeable. A Judgment incorporating the findings herein accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THOMAS W. RODGERS | ) | |
| | ) | CASE NO. 05-38698 |
| Debtor | ) | |
| | ) | |
| | ) | |
| VICKEY RODGERS FRANKS | ) | |
| | ) | AP NO. 06-3023 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS W. RODGERS | ) | |
| | ) | |
| Defendant(s) | ) | |
| | ) | |

**JUDGMENT**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Judgment is entered in favor of Plaintiff Vickey Rodgers Franks on the Complaint Objecting to Discharge of Defendant/Debtor Thomas William Rodgers. The debt referenced in the Complaint is declared nondischargeable.

This is a final and appealable Judgment and there is no just reason for delay.